Hillsborough, }
  Oct. 6, 1903. }

GARDNER *&* a., Ex'rs., v. GARDNER *&* a.

Where a moiety of corporate stock specifically bequeathed is subsequently sold by the testator, the beneficiary is entitled to only such of the shares as are found to be a part of the estate at the testator's decease.

BILL IN EQUITY, by the executors of the will of Sarah B. Hubbard, praying the advice and direction of the court as to a clause in the will.    Facts agreed.    Transferred from the May term, 1903, of the superior court by *Young*, J.

By item 22 of the will, the testatrix bequeathed to her executors seventy-five shares of the stock of the New England Electric Power Company, in trust for the following purposes : From the fund and its income the sum of $75 is to be paid every six

months, as dividend declared, to John A. Fletcher, and a like sum to Mary Fletcher, during their lives; and upon the death of either, the survivor is to receive during life the share theretofore paid to the deceased. The taxes on the entire Fletcher estate are to be paid out of the fund or its accumulated income, and also the cost of necessary repairs upon the tenement occupied by the Fletchers, until the decease of both. The fund is further charged with the expenses of the last sickness and burial of John and Mary. Upon the decease of both, whatever remains of the trust estate to be divided equally among the surviving children of George C. Gardner. John is dead, and Mary survives him. By item 25 of the will, the residue of the estate is bequeathed in equal shares to the five children of George C. Gardner, and their heirs forever.

At the date of the will, the testatrix owned seventy-five shares of the stock of the New England Electric Power Company, of the value of $7,500. Subsequently, the corporation was merged in the Manchester Traction, Light, and Power Company, and seventy-five shares of stock of the latter corporation were issued to the testatrix, in lieu of the shares mentioned in the will. It is agreed by the parties that it was the intention of the testatrix to substitute the new stock for that disposed of by item 22. The testatrix afterward sold twenty-five shares of the new stock; and the income on the remaining fifty shares is insufficient to pay the annuity, the taxes on the Fletcher estate, and the cost of necessary repairs, as stipulated in the will. The executors are in doubt whether there remains as a trust estate only fifty shares of stock of the Manchester Traction, Light, and Power Company, of the value of $5,000, or whether it is their duty to take from the residue of the estate, before distribution under item 25 of the will, a sum sufficient to equal the value of the shares disposed of, and to invest such fund in the same stock, or in some security satisfactory to the *cestui que trust* and the residuary legatees.

*John C. Bickford,* for the executors.

REMICK, J. The petitioners are advised that the only property of the estate of Sarah B. Hubbard which can be used to carry out the provisions of item 22 of her will is the fifty shares of the Manchester Traction, Light, and Power Company owned by her at her decease. *Wallace* v. *Wallace,* 23 N. H. 149; *Ford* v *Ford,* 23 N. H. 212; *Loring* v. *Woodward,* 41 N. H. 391; *Fellows* v. *Allen,* 60 N. H. 439, 441; *Hoitt* v. *Hoitt,* 63 N. H. 475, 497.

　　　　　　　　　　　　　　　　　　　　　　*Case discharged.*

All concurred.